## FRYE *versus* GRAGG.

An open, exclusive, and adverse possession of a tract of land by a demandant is not established by proof that no other person than such demandant had occupied it for thirty years, and that he had cut wood upon it, and had always fenced portions of it.

Occupation of land by a demandant, in submission to the title of another, will not authorize him to assert a title by disseizin and possession.

A writ of entry had been brought jointly against two persons. They united in the defence, which prevailed in this Court, upon a report of certain facts agreed and of certain testimony introduced.

In a suit by one of those defendants against the other, for the same land, *Held,* that it was not competent for the demandant to use that report in evidence.

The title of a lot of land was disputed. One of the claimants permitted a third person to occupy, upon a stipulation that if his title should prove to be good he would sell it to such occupant, but no price was agreed; *Held,* that the occupant was not estopped to deny the title of such claimant.

Where a plaintiff has examined one of his witnesses solely to prove the execution of papers used on the trial, an examination of him by the defendant on other and distinct matters, *immaterial to the issue,* will not take from the Judge the power to order a nonsuit.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.

WRIT OF ENTRY.

In 1825, the demandant obtained a bond, conditioned that, if he paid the proprietors an agreed sum, they would convey to him a lot of land, No. 24. He claimed that that lot includes the "Swamp lot."

The proprietors thought otherwise, and in April, 1844, conveyed the Swamp lot to R. Fitts.

In the fall of 1844, the title being thus in uncertainty, Gragg, the tenant, by permission of Frye, the demandant, entered into possession of the Swamp lot, upon a verbal understanding, that Frye was to sell it to him, if his claim under

the bond should prove to be good, but no price was agreed upon, and nothing was paid.

According to the testimony, Gragg said he would go on and take the land at his own risk. The occupation by Gragg has continued to the present time.

Fitts brought his writ of entry for the Swamp lot against the parties to this suit jointly. Pending that suit, an unsealed contract was made between Fitts and Frye, that if the former should prevail, he would convey the land to Frye at a stipulated price.

That case was defended, the grounds of the defence and the evidence in support of it being fully understood by Gragg as well as by Frye.

It was finally submitted to the Court upon a report of the evidence, and a nonsuit was ordered.

Pending that suit, Frye completed the payments mentioned in the condition of the bond of 1825, whereby he became entitled to a conveyance from the proprietors of lot No. 24. But the conveyance has not yet been made.

This suit is brought by Frye against Gragg to obtain possession of the Swamp lot. Before commencing it, notice to the tenant to quit was seasonably given.

The demandant offered in evidence the report of the facts and testimony, upon which the action of Fitts had been tried and nonsuited. This was rejected.

The demandant introduced Mr. Jarvis, to prove the execution of certain papers, and examined him to that point only. The tenant then examined him upon the question, whether the Swamp lot is within the lot No. 24, and he testified that it is not. The demandant then offered other evidence to prove that lot No. 24 included the Swamp lot.

The Judge considering that question immaterial, rejected the evidence.

The demandant also set up a title by disseizin and possession. On this point it was testified, that no person but the demandant had occupied the land for thirty years, and that he had cut upon it, and had always fenced portions of it.

Frye *v.* Gragg.

A nonsuit was ordered, which, if the order was improper, is to be taken off.

*John A. Peters*, for the demandants.

1. We offered to prove that the lot No. 24, (of which we have a right to a conveyance under our bond, already paid,) includes the lot, called the Swamp lot, now in question. That proof having been excluded, it is now to be considered as proved.

Though the conveyance to the demandant has not actually been made, he has an equitable title, which he might enforce under the bond, if the land had not been conveyed to Fitts. And he has a judgment for it against Fitts, in whom the legal title was vested.

The tenant is in possession under us, in submission to our title. He makes no pretence of any title in himself from any other source. In substance, the possession was given to him by us. He is tenant to the demandant. To establish the relation of landlord and tenant, no form of words is requisite. *Mosher* v. *Redding*, 12 Maine, 478. Gragg, then, being tenant, cannot controvert the title of his landlord, this demandant. 21 Maine, 250; 23 Maine, 538; 1 Metc. 95; 3 Metc. 175; 24 Maine, 425; 30 Maine, 494; 2 Greenl. Ev. § 305; 14 S. & R. 385; Comyn's Land. & Ten. 17; 5 Wend. 246.

Though the demandant had no title; though he were but a disseizor, or merely a trespasser, he is entitled to the possession against one who holds under him.

But the demandant was in under his bond; rightfully in.

2. Our possession of the land, if not included in our bond, having been of more than twenty years adverse continuance, is a sufficient title.

3. The report of the evidence in the action brought by Fitts ought to have been admitted. It would show that Gragg knew what title Frye, his landlord, had, and that the judgment in that case could confer no rights upon Gragg.

4. There was error in directing the nonsuit, because the tenant by examining Mr. Jarvis, upon a point disconnected

with that upon which we had examined him, made him his own witness. And a nonsuit cannot be ordered, after testimony has been offered on both sides. *Dennett* v. *Dow,* 17 Maine, 19; 32 Maine, 576.

*Herbert,* for the tenant.

SHEPLEY, C. J. — This writ of entry has been commenced to recover a lot of land in the town of Dedham, called the Swamp lot. The demandant, on December 1, 1825, obtained a bond of the agent of the proprietors of that township for a conveyance of lot numbered twenty-four upon conditions, which appear to have been performed. He claimed the Swamp lot as being included in lot twenty-four. The proprietors did not so regard it, and they conveyed it to Roswell Fitts on April 17, 1844. The tenant, according to the testimony, entered upon it in the autumn of that year by the permission of the demandant and has continued to occupy it. Fitts commenced a suit by writ of entry against the demandant and tenant to recover the lot, and upon certain facts agreed by the parties, and upon other testimony reported, a nonsuit was ordered in the year 1846.

Whether the Swamp lot did or did not constitute a part of lot twenty-four, it appears to have been legally conveyed by the proprietors to Fitts; for they might convey it to him, if they had before bound themselves to convey it to the demandant, who might have his remedy against them upon his bond.

It is insisted, however, that the demandant had acquired a title to it by an entry and occupation of it as his own for more than twenty years before the conveyance of it was made to Fitts.

The lot appears to have been during that time mostly uncultivated and unfenced. A witness states, that no one but the demandant had occupied it since the year 1821, and that he had cut upon it and had always fenced portions of it. This is not sufficient proof of an open, exclusive and adverse possession. If it could be so regarded, the testimony clearly proves, that the demandant did not claim to hold the lot ad-

versely to the proprietors, but under his bond for a conveyance of lot twenty-four, and in submission to their title. He cannot therefore maintain this suit by virtue of any title acquired by disseizin and possession.

He also claims to recover the lot by virtue of an alleged privity of estate between himself and the tenant, alleging, that the tenant entered into possession under him, admitting his title, and that he thus became his tenant, and that he is therefore estopped to deny that title.

The testimony fails to establish facts, by which this position can be sustained.

It is true, that he entered by the consent of the demandant, not, however, admitting his title absolutely but conditionally only, and under a verbal agreement to purchase of him, if he "held it under the bond," and stating that "he would go on and take it at his own risk." No sum to be paid for it was agreed upon; nothing was paid; and no written contract was made. The conversation between the parties does not appear to have amounted to more than that the tenant might enter into possession of the lot and pay the demandant for it if he should hold it under his bond, and if he should not, the tenant should assume the risk of losing his improvements or of obtaining a title to it in some other way. To require the tenant to restore possession of the lot to the demandant, when he has not obtained any title to it, would deprive him of a privilege secured to him by the arrangement, under which he entered upon it. The demandant never engaged to protect and secure the possession to the tenant, and he cannot deny to him the right to retain possession until he is able to convey the title. The tenant has never admitted a fact, which it is now necessary for him to deny to retain possession. This is the principle upon which an estoppel must rest, and he is not therefore estopped to deny the title of the demandant.

The testimony offered and rejected was properly excluded.

*Nonsuit confirmed.*

TENNEY and WELLS, J. J., concurred.